UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDDIE J. ARMANT (#150261)

VERSUS                                          CIVIL ACTION

RICHARD STALDER, ET AL                          NUMBER 08-248-JJB-SCR

<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 18, 2008.

Stephen C. Riedlinger

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDDIE J. ARMANT (#150261)

VERSUS                                      CIVIL ACTION

RICHARD STALDER, ET AL                      NUMBER 08-248-JJB-SCR

<u>MAGISTRATE JUDGE'S REPORT</u>

Before the court is the Motion to Dismiss Pursuant to FED.R.CIV.P. Rule 12(b)(6) filed on behalf of defendants James LeBlanc and Steve Rader.  Record document number 10.  The motion is not opposed.

Pro se plaintiff, an inmate confined at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against former Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder, current Louisiana Department of Public Safety and Corrections Secretary James LeBlanc[1], Warden Steve Rader, Lessly Smith and Louis Mitchell.  Plaintiff alleged that he was subjected to cruel and unusual punishment in violation of his constitutional rights.

Defendants Warden Rader and Secretary LeBlanc[2] moved to

_____

[1] At the time of the incident, LeBlanc was Warden of Dixon Correctional Institute and Rader was an Assistant Warden.

[2] Defendants Smith, Mitchell and Stalder were not served with the summons and complaint and did not participate in the motion to (continued...)

dismiss the complaint for failure to state a claim upon which relief can be granted under to Rule 12(b)(6), Fed.R. Civ. P.

### A.    Failure to State a Claim

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Under Rule 8(a)(2), Fed.R.Civ.P., a complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, - U.S. -, —, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).[3]

_____

[2](...continued)
dismiss. Summons was returned unexecuted at to them on May 14, 2008.  Record document number 7.  Plaintiff has taken no further action to obtain service on these defendants.

[3] *Twombly* held that in some cases a plaintiff must plead particular facts in his complaint.  127 S.Ct. at 1965.  In *Erickson*, decided two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against prison officials is not required to state specific
(continued...)

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S.Ct. at 2200; *see also Twombly*, 127 S.Ct. at 1965. "A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S.Ct. at 2200 (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (quotation marks, citations, and footnote omitted).

## B.   Qualified Immunity

Defendants Secretary LeBlanc and Warden Rader argued that they are entitled to qualified immunity because their conduct did not violate any of the plaintiff's clearly established constitutional

---

[3] (...continued)
facts in his complaint; *Erickson*, 127 S.Ct. at 2200, and *Twombly* itself, 127 S.Ct. at 1973 n.6., suggests that the holding in *Twombly* may be limited to cases likely to produce "sprawling, costly, and hugely time-consuming" litigation. This case involves a § 1983 claim with a narrow range of factual disputes, not a complex suit likely to produce sprawling discovery. Accordingly, this case is governed by the Supreme Court's decision in *Erickson*.

3

or statutory rights of which a reasonable person would have known.

A state official sued under § 1983 in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978). This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991). If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights he is alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987). The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law. *Id.*, at 639, 107 S.Ct. at 3038. The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather, when measured by an objective standard, a reasonable officer would have known that his conduct was illegal. Even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the

conduct was objectively reasonable. *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.*

Plaintiff alleged that while confined at Hunt Correctional Center ("HCC") he was issued a medical duty status which prohibited him from lifting anything in excess of 20 pounds. Plaintiff alleged that he was transferred from HCC to DCI on December 14, 2005. Plaintiff alleged that he had two locker boxes in which he stored his legal work and personal items. Plaintiff alleged that one locker box weighed 110 pounds and the other weighed 130 pounds. Plaintiff alleged that he was required to store the two locker boxes under his bed and had to push and shove the heavy boxes in order to access his belongings. Plaintiff alleged that he filed an administrative grievance and sought judicial review of his

5

grievance.  Plaintiff alleged that after seeking judicial review he was provided a stand up locker and assistance from inmate orderlies to access belongings stored his locker boxes.

Plaintiff named Secretary LeBlanc and Warden Rader as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).  Plaintiff's allegation that Secretary LeBlanc and Warden Rader are responsible for the actions of their subordinates is insufficient to state a claim under § 1983.  *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

<u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that the defendant's motion to dismiss be granted.  It is further recommended that the plaintiff's claims against former Louisiana Department of Public Safety and Corrections Secretary Richard Stalder, Lessly Smith and Louis Mitchell be dismissed pursuant to Rule 4(m) for failure to serve these defendants.

Baton Rouge, Louisiana, November 18, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

6